## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | | |
|---|---|---|---|
| In re: | ) | Case No: | 17-29135 |
| | ) | Chapter 13 | |
| | ) | | |
| Bianca M. Ganvik, | ) | | |
| | ) | | |
| | ) | Judge: | LaShonda A Hunt |
| | ) | | |
| Debtor(s). | ) | | |

Address:    1342 North Knollwood Drive, Palatine, IL 60067

### NOTICE OF FILING

To:    U.S. Trustee
219 South Dearborn Street, Suite 800
Chicago, IL 60603
Via ECF

**PLEASE TAKE NOTICE** that on February 3, 2018 I caused to be filed in the United States Bankruptcy Court for the Northern District of Illinois the attached **RESPONSE TO MOTION TO EXAMINE FEES OF DEBTOR'S ATTORNEY.**

   /s/ Jeff Whitehead
Jeff Whitehead, Attorney no. 6280034
LAW OFFICES OF JEFF WHITEHEAD
700 West Van Buren, Suite 1506
Chicago, Illinois 60607
(312) 648-0473 phone
(312) 276-8759 fax

### CERTIFICATE OF SERVICE

I, Jeff Whitehead, certify that I caused a true and correct copy of the foregoing notice to be served on the parties listed above from my offices located at 700 West Van Buren, Suite 1506, Chicago, IL 60607 on February 3, 2018.

   /s/ Jeff Whitehead
Jeff Whitehead

## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | | |
|---|---|---|---|
| In re: | ) | Case No: | 17-29135 |
| | ) | Chapter 13 | |
| | ) | | |
| Bianca M. Ganvik, | ) | | |
| | ) | | |
| | ) | Judge: | LaShonda A Hunt |
| | ) | | |
| Debtor(s). | ) | | |

Address:     1342 North Knollwood Drive, Palatine, IL 60067

### RESPONSE TO MOTION TO EXAMINE FEES OF DEBTOR'S ATTORNEY

Now comes Jeff Whitehead (hereinafter "Whitehead") and for his Reponse to the Motion to Examine Fees of Debtor's Attorney states the following:

### Pre-Filing Procedures

1. The Debtor first contacted Whitehead via telephone September 26, 2017 or September 27, 2017. The Debtor was seeking bankruptcy relief in an effort to stop a foreclosure sale for her real estate located at 1342 North Knollwood, Drive, Palatine, IL  60067. The foreclosure sale was scheduled to take place on September 29, 2017.

2. The Debtor expressed a desire to save the property by paying the mortgage arrears through the filing of a Chapter 13 case.

3. Whitehead advised the Debtor to complete a briefing on credit counseling pursuant to 11 USC Section 109(h) and 111. The Debtor complete the course on September 27, 2017.

4. On September 28, 2017, the Debtor met with Whitehead in his office in Chicago. Given the rush to file, the Debtor only provided Whitehead with the basic information required to file the case. Whitehead prepared a Voluntary Petition, and Statement Regarding Social Security for the Debtor's signature. These documents were filed on September 29, 2017 at 6:33 AM.

5. Whitehead and the Debtor also entered into the Court-Approved Retention Agreement. See Exhibit A. The Debtor did not have funds to pay Whitehead a pre-filing attorney fee or money to cover the filing fee.

### Post-Filing Activity

6. Whitehead and the Debtor spoke over the telephone regarding her case during the week of October 2, 2017. Whitehead asked the Debtor to gather the documents necessary to complete the filing of her case.

7. It became apparent to Whitehead that the Debtor did not have sufficient income to present a feasible Chapter 13 plan. However, given the potential of a deficiency judgment likely to result from a foreclosure sale, the Debtor agreed to have her Chapter 13 case converted to Chapter 7 on October 27, 2017.

8. At this point, communication between Whitehead and the Debtor became less frequent due to the Debtor's decision to donate a kidney to her sick cousin in New York City. The Debtor did not plan to undergo this procedure at this time, but her cousin's condition deteriorated such that an immediate transplant was required.

9. On October 28, 2017, the Debtor began undergoing tests to verify that she was a compatible kidney donor for her cousin. She spent much of her time in New York at the hospital in preparation for the transplant.

10. During the month of November, communication with the Debtor was difficult and sporadic. She was not in Chicago and was unable to meet with Whitehead.

11. On December 6, 2017, the Debtor's Chapter 7 341 meeting was scheduled. Raymond Kurz appeared on behalf of Whitehead. Karen Goodman, the chapter 7 trustee granted our request for a continuance given the Debtor's medical condition.

12. On December 14, 2017, the Debtor underwent the kidney transplant surgery. She was in the hospital until December 18, 2017. She remained in New York for observation and tests until mid-January 2018.

### Argument

13. Whitehead filed this case without receiving compensation prior to filing in the hopes that he would be compensated pursuant to the Debtor's chapter 13 plan. Failure to file the case would have resulted in the Debtor permanently losing her right to redeem her real estate. The filing of the case on September 29, 2017 preserved the status quo and gave the Debtor time to evaluate her options.

14. Whitehead represented the Debtor throughout the pendency of this case. Whitehead helped the Debtor evaluate the feasibility of a chapter 13 filing. Whitehead advised

        the Debtor on the remedies available to her under Chapter 7 and pursuant to her instructions converted her case to Chapter 7.

15. Whitehead appeared at the Debtor's first meeting of creditors and asked for a continuance.

16. Unfortunately, an unpredicted medical emergency outside the control of the Debtor made the completion of her case impossible. Whitehead and Debtor were unable to meet to complete the schedules required for the filing. However, Whitehead has continued to represent and advise the Debtor throughout the pendency of this case. Whitehead and the Debtor are still in contact and intend to continue to work together to resolve the Debtor's debt issues.

WHEREFORE, Whitehead respectfully prays for an Order concluding the Court's examination of the Debtor's attorney fees.

DATE:     February 3, 2018                :


ATTORNEY: /s/ Jeff Whitehead

Jeff Whitehead, Attorney no. 6280034
700 West Van Buren, Suite 1506
Chicago, Illinois 60607
(312) 648-0473 phone
(312) 276-8759 fax